IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-224-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTHONY LEE KING, II, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for completion of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The hearing began on 23 September 2010 and was continued on the court's motion to today based on the court's request for certain additional information from the parties.

At the hearing, the government presented the testimony of a detective with the Fayetteville Police Department on an ATF task force, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community if defendant is released before trial. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 6 August 2009 for the following offenses allegedly occurring on or about 19 September 2008: possession with intent to distribute five grams or more of cocaine base

(*i.e*, crack) in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm (*i.e.*, a nine millimeter semi-automatic pistol) in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (ct. 2); and possession of a firearm, the semi-automatic pistol, by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 3). The evidence presented at the hearing showed that the charges arise from a search of the residence where defendant was living on the alleged offense date. The other resident living there, defendant's co-defendant, rather than defendant, was the target of the investigation resulting in the search. Nevertheless, the search located in defendant's bedroom the crack cocaine and firearm that are the subject of the indictment, along with another illicit drug. Some of the crack cocaine was packaged for apparent resale. The co-defendant identified defendant as a bigger drug dealer than himself.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's hiding under his bed during the search of his residence; defendant's criminal record, including five felony convictions (although they were committed within a three-month period in 2005), a search of his residence in October 2006 resulting in revocation of his probation (the search yielding four firearms, drug paraphernalia, and a ski mask and gloves suggestive of burglary activity), pending charges of unauthorized use of a motor vehicle in September 2009, now-dismissed charges of resisting arrest in July 2010 (based on his fleeing

campus police investigating his possession of an open container), commission of seven offenses while on probation, and thirteen failures to appear; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's absence from the proposed custodial home for full-time work; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such the absence of any convictions since 2007 and defendant's attendance at school. But the factors favoring detention, as reviewed above, outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of September 2010.

James E. Gates
United States Magistrate Judge